under an act passed on that date, which, by its provisions, was to take effect from and after its passage. It was contended that it did not take effect until July 2. In the course of a decision adverse to that contention, Justice Story said:

\* \* \* We cannot yield assent to this construction. The statute was to take effect from its passage; and it is a general rule that where the computation is to be made from an act done, the day on which the act is done is to be included.

In *United States* v. *Hurlburt, supra,* our appellate court stated:

In the foregoing [*Arnold*] case, however, there was only one point of time which was involved and that was the time when the act became effective. There was no provision in it for any period of suspension or limitation, nor was there any terminus a quo, nor any relevant calculation to be made in order to give effect to the legislative intention. The cases are therefore clearly distinguishable \* \* \*.

By the same token, the termination of the proclamations of March 15 and April 15, 1938, by the proclamation of March 23, 1939, was a positive act or thing to be done or given effect on a certain date [April 22, 1939]; and, a day usually not being divisible in a legal sense, this proclamation terminating the rates of duty under the agreement was effective during the entire day, and it necessarily follows that the rates of duty under the trade agreement were not in force on that date.

Since the rates of duty under the trade agreement with Czechoslovakia were not in effect on April 22, 1939, the reduced rate under the trade agreement is not applicable to the merchandise at bar. The protest is therefore overruled and the classification by the collector affirmed.

Judgment will issue accordingly.

BEFORE THE THIRD DIVISION, SEPTEMBER 26, 1945

**No. 50516.**—Protests 24252–K, etc., of American Trading Co., Ltd., et al. (Honolulu).

Opinion by CLINE, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 50517.**—Protests 85916–K, etc., of Alexander & Baldwin, Ltd., et al. (Honolulu).

Opinion by CLINE, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 50518.**—Protests 987701–G, etc., of Daimaru Co. et al. (San Francisco).